**Aboubacar BA, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 05–5043–ag.**

United States Court of Appeals,
Second Circuit.

Feb. 21, 2007.

Thomas V. Massucci, New York, NY, for Petitioner.

Paul Naman, Assistant United States Attorney, Eastern District of Texas (Matthew D. Orwig, United States Attorney, on the brief), Beaumont, TX, for Respondent.

PRESENT: Hon. ROBERT A. KATZMANN and Hon. PETER W. HALL, Circuit Judges, and Hon. DAVID G. TRAGER, District Judge.*

## SUMMARY ORDER

Petitioner Aboubacar Ba, a purported native and citizen of Mauritania, seeks review of the August 22, 2005 order of the BIA affirming the March 26, 2004 decision of IJ Jeffrey S. Chase denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Aboubacar Ba,* No. A95 476 650 (B.I.A. Aug. 22, 2005), *aff'g* No. A95 476 650 (Immig. Ct. N.Y. City Mar. 26, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

■ As a preliminary matter, this Court retains jurisdiction over the asylum claim, which is not precluded by 8 U.S.C.

§ 1158(a)(3), because, although IJ Chase expressed significant doubts as to the date of Ba's arrival in the United States, he never determined whether Ba had sustained his burden of showing by clear and convincing evidence that he had filed for asylum within one year of his arrival in the United States. *See* 8 U.S.C. § 1158(a)(2)(B). In fact, at one point in his decision, IJ Chase assumes that Ba arrived between June 15 and 27, 2001, and then states that, even then, Ba "failed to apply for asylum within one year of entry to the United States, and therefore, his application for asylum should be denied for that reason." This was clear error in that the application was received by the Immigration and Naturalization Service in St. Albans, Vermont, on June 7, 2002, as indicated by the date stamp on the face of the application.

Turning to the merits, where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S.*

---

\* The Honorable David G. Trager, United Stated District Judge for the Eastern District of New York, sitting by designation.

*Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004).

In the present case, IJ Chase determined that Ba had not met his burdens of establishing his date of entry into the United States and his identity. IJ Chase's determination as to the date of entry is supported by substantial record evidence, but the date of Ba's entry, while relevant to the timeliness of his asylum application, has no bearing on whether he has established refugee status for purposes of asylum and withholding of removal. 8 U.S.C. § 1101(a)(42)(A). In addition, insofar as IJ Chase found that Ba had not met his burden of establishing his nationality, refugee status can be established by persons "having no nationality." *Id.* Accordingly, we can discern only one reason for the denial of the asylum and withholding of removal applications on the merits: Ba's failure to establish his identity. The record does not support that Ba failed to establish his identity.

Ba submitted a birth certificate and national identity card from Mauritania listing his name as Aboubacar Ba and his date of birth as February 15, 1974. The IJ discounted these documents based on the following theories: (1) the fact that they were issued some years after Ba's birth made them suspect; (2) it was unlikely that Ba would keep these documents in his wallet; and (3) the identity card failed to indicate the document that was the basis for its issuance. We must reject these conclusions as impermissibly speculative. *See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). IJ Chase further erred in discounting the identity card because it listed Ba as a student in 1989; Ba testified that he was attending a primary school in 1989.

The IJ also found that Ba had not established his identity because a RAP sheet from the New York City Police Department listed Ba's name as "Abdoul Bah" and his date of birth as February 15, 1972. Although it was reasonable to find Ba's excuse for the slightly different name and birth date incredible, the IJ failed to offer a reasoned explanation for deferring to an unauthenticated print-out of a RAP sheet rather than the identity documents submitted by Ba, especially in light of the fact that the name and birth date discrepancies were minor. *Cf. Borovikova v. U.S. Dep't of Justice,* 435 F.3d 151, 157–58 (2d Cir. 2006) (approving an IJ's decision to reject unauthenticated documents). Accordingly, substantial evidence does not support the IJ's determination that Ba failed to establish his identity.

This Court cannot state with certainty that the agency's decision would remain the same on remand because IJ Chase's opinion contained a plethora of errors and omissions. *Cao He Lin,* 428 F.3d at 401–02. For example, in the only passage addressing Ba's claim of past persecution, the IJ admitted that Ba had testified consistently with his application but impermissibly found that Ba had not met his burden because of the failure to provide corroborating documents without giving Ba the opportunity to explain their absence, *id.* at 401, or to "submit what may be readily available evidence," *Ming Shi Xue v. BIA,* 439 F.3d 111, 122 (2d Cir.2006). In addition, it is unclear from the text of the oral decision whether IJ Chase made a firm resettlement determination. Furthermore, the IJ found that changed country conditions would foreclose Ba's claim of future persecution, but this conclusion was not based on any evidence in the record and was based instead

on the ambiguous statement by Ba that "many Fulanis have ... returned to Mauritania and, to his knowledge, have not been either arrested, killed, or again, forcibly deported to Senegal." Finally, IJ Chase never made an independent finding as to Ba's eligibility for CAT relief. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 185 (2d Cir.2004) ("The CAT claim ... must always be considered independently of the resolution of the alien's claims under the INA.").

■ Remand is also required so that the BIA can reconsider IJ Chase's frivolousness finding using standards developed in response to this Court's decision in *Yuanliang Liu v. U.S. Dep't of Justice*, 455 F.3d 106 (2d Cir.2006). An asylum application is frivolous if any of its material elements is deliberately fabricated. 8 C.F.R. § 208.20. In *Liu*, this Court remanded the case to the BIA for it to establish a standard under which to evaluate whether a claim was frivolous. Without these standards, and without any elaboration by IJ Chase on his finding, it is difficult for this Court to review the frivolousness determination.

■ We note with concern that, based on the transcript, the tone of this proceeding is consistent with previous proceedings conducted by this IJ that have drawn rebuke from this Court. *See Islam v. Gonzales*, 469 F.3d 53, 56–57 & n. 3 (2d Cir. 2006). Here, as they have in other hearings, IJ Chase's demeanor and remarks "erode the appearance of fairness and call into question the results of the proceeding."[1] *Id.* at 56; *see also Guo–Le Huang*

*v. Gonzales*, 453 F.3d 142, 150 (2d Cir. 2006). In this same vein, we note one incident in the hearing that is disturbing because it implicates the attorney-client privilege. IJ Chase inquired directly of Ba about the communication between Ba and his attorney: "Did you lie to Mr. Wuestman, yes or no?" Regardless of the relevance of the inquiry and the answer, it is inconceivable that IJ Chase, as a judge and lawyer, would not know the impropriety of that question. Accordingly, we request that the case be assigned to a different IJ on remand. Moreover, given this Court's history with IJ Chase, it may improve judicial efficiency if, as discussed at oral argument, the BIA, *sua sponte*, closely re-examined all of his cases that are still on appeal, having in mind our previously expressed concerns.

For the foregoing reasons, the petition for review is GRANTED, and the case is remanded to the BIA for further proceedings with an IJ other than IJ Chase. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

---

1. Apparently, even the government attorney recognized at the hearing that IJ Chase's diatribe was unfair. After a lengthy passage in which IJ Chase lectured Ba about his theories on the repercussions of lying, the government attorney suggested that the IJ move on and "go forward with the hearing."